JACKSONWHITE
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor Marsh Aviation Company
By: Kelly G. Black, No. 016376
John Skiba, No. 022699

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Marsh Aviation Company,<br><br>Debtor. | **No. 2:09-bk-23468-CGC**<br><br>**Application for Interim Payment and Compensation of Attorney Fees and Costs and For Order and Judgment Thereon (Second Application)**<br><br>Assigned to: Honorable Charles G. Case, II |

Jackson White, P.C., a professional corporation (hereinafter "Applicant"), counsel for Marsh Aviation Company, (hereinafter "Debtors-in-Possession"), hereby makes its Application for Interim Payment and Compensation of Attorney Fees and Costs and for Order and Judgment Thereon (Second Application) (hereinafter "Application").

In support of its Application, Applicant submits its time records for the period of November 17, 2009 through September 27, 2010, attached hereto as Exhibit "A" and incorporated herein by reference. Applicant's cost records (including an itemization of expenses incurred) for the same period is likewise attached hereto as Exhibit "B" and incorporated herein by reference. In further support of its Application, Applicant respectfully represents as follows:

## I. Summary

### *A. Background*

1. On September 22, 2009, Debtors in the above-captioned case filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The case is currently pending before this Court as a case under Chapter 11.

2.     This Court entered its order approving appointment Applicant as counsel through an Interim Order Approving Appointment of Counsel entered on October 6, 2009, and a final Order Approving Appointment of Counsel entered on November 30, 2009.

3.     Applicant has served as the duly appointed counsel for Debtors-in-Possession in the above entitled estate up to and through the filing of this Application. Applicant was employed by the Debtors-in-Possession to perform actual and necessary services with the understanding that Applicant's compensation would be as determined by the Court under the criterion set forth in 11 U.S.C. § 330 of the Bankruptcy Code, including the cost of comparable services other than a case under the Bankruptcy Code.

4.     By order entered December 11, 2009, this Court approved Applicant's first Application for fees and costs, covering the time period from September 22, 2009 through November 16, 2009. Applicant sought, and the Court approved, fees and costs in the total sum of $13,323.04.

5.     During the Application period (November 17, 2009 through September 27, 2010), Applicant spent 67.3 hours in its representation of Debtors-in-Possession. Based upon Applicant's ordinary hourly rates in effect at the time said services were rendered, Applicant's total fees are $17,354.50, less discounts of $37.50 for a net total of $17,317.00.

6.     In addition to the foregoing, Applicant incurred out-of-pocket expenses for which Applicant is seeking reimbursement in the total amount of $692.26. These expenses involve photocopies, postage, or both. The summary of the requested expenses is:

a.     In-House Photocopy Charges          $271.35

b.     Postage Expense                     $148.09

c.     Mailing and Service Charges         $272.82

7.     Total fees and costs are $18,009.26, to be paid by Marsh Aviation Company as agreed under the terms of the Retainer Agreement between Debtor and Applicant.

8.     The services for which compensation is requested were rendered on behalf of the Debtors-in-Possession and compensation is sought pursuant to 11 U.S.C. § 330(a), 331, and

503(a) and (b), Rule 2016(a), Fed. R. Bankr. P., and in compliance with the Order Appointing Counsel and the Guidelines of the Office of the United States Trustee for the District of Arizona.

9. Except as Applicant may be entitled to receive compensation herein, Applicant has no arrangements with any other parties whatsoever to pay Applicant for the services of Applicant to the estate, nor has Applicant received any funds from any parties whatsoever for the services rendered to the estate. Further, Applicant has not made any arrangement to share any compensation received by order of this Court with any party whatsoever, nor does Applicant have any arrangements for sharing of compensation herein awarded, except between members and/or regular associates of Applicant's firm. Applicant has no agreement to share compensation received or to be received with any person other than the normal division of fees that, as a matter of course, occurs between attorneys who are members of Applicant's firm. Applicant is a disinterested person defined in 11 U.S.C.§ 101(14) and does not hold or represent any interest adverse to the estate.

10. The names of all Applicant's professionals and paraprofessionals requesting fees and the hourly rate charged by each is as follows:

| Attorney | Rate |
|---|---|
| John N. Skiba | $295.00 |
| Kelly G. Black | $295.00 |
| Terri Thompson | $125.00 |

***B. Case Status***

1. Applicant is aware of no other Application for Administrative Expense pending at this time.

2. Since the filing of the first Application for Interim Payment and Compensation, Debtor resolved by agreement issues with the City of Mesa and Mr. Stilwell regarding the lease of its premises. A motion relating to the agreement was separately noticed, and the motion was approved by Order entered June 4, 2010 (Doc 67).

3. Applicant has also worked with Debtor to formulate a Plan and Disclosure Statement, which were filed June 15, 2010.

4. The Court approved Debtor's Plan by order entered September 20, 2010 (Doc 79), and a confirmation hearing has been set for November 18, 2010.

5. All quarterly fees have been paid to the United States Trustee and all monthly operating reports have been filed. Any United States Trustee's fees which have not been paid and any monthly operating reports which have not been filed are anticipated to be paid and filed promptly.

### *C. Project Category Summaries*

The professional services provided by Applicant, and their corresponding fees, are summarized in the following sections.

#### *1. Case Administration*

Applicant has performed the following services: discussions with client about the formation and composition of a creditors committee; preparation and service of monthly operating reports; discussions with the client regarding procedures and status; discussions with client regarding quarterly fees; and discussions with client regarding all pending matters.

This project category is of an ongoing nature.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

The persons providing services on the foregoing project were John N. Skiba, Kelly G. Black, and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| Kelly G. Black | $295.00 | 2.1 | $619.5 |
| John N. Skiba | $295.00 | 0.1 | $29.5 |
| Terri Thompson | $125.00 | 4.3 | $537.5 |
| | | Total | $1,186.50 |

*2. Asset Disposition, Including Sales and Leases*

During the Application period (November 17, 2009 through September 27, 2010), the services provided by Applicant in this project category have primarily involved the assumption of Debtor's lease and negotiations with the landlord and the property owner regarding Debtor's continued use of the premises. Applicant drafted an agreement resolving these issues, moved to assume the lease as modified, moved for approval of the agreement, and secured an order approving the agreement and the assumption of the lease.

With respect to assumption of the lease, this project category is substantially completed. To a limited degree, this category also involves preliminary discussions about an asset sale, for which a motion may be filed once the terms of the sale are determined.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

The persons providing services on the foregoing project were John N. Skiba, Kelly G. Black, and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| Kelly G. Black | $295.00 | 15.5 | $4,572.50 |
| John N. Skiba | $295.00 | 2.8 | $826.00 |
| Terri Thompson | $125.00 | 6.0 | $712.50 |
| | | Total | $6,111.00 |

*3. Meetings and Communications With Creditors*

Applicant communicated with creditors and other parties in interests as required by the Bankruptcy Code.

This project category is of an ongoing nature.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

Case 2:09-bk-23468-DPC Doc 80 Filed 09/29/10 Entered 09/29/10 08:48:34 Desc Main Document Page 5 of 24

The persons providing services on the foregoing project were John N. Skiba and Kelly G. Black.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| Kelly G. Black | $295.00 | 5.4 | $1,593.00 |
| John N. Skiba | $295.00 | 0.2 | $59.00 |
| | | Total | $1,652.00 |

*4. Fee Applications*

During the Application period (November 17, 2009 through September 27, 2010), the Applicant submitted and secured approval of an interim fee application covering the time period from September 22, 2009 through November 16, 2009.

This project category will recur, but no further fee application will be filed for the time period from September 22, 2009 through November 16, 2009.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

The persons providing services on the foregoing project were John N. Skiba and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| John N. Skiba | $295.00 | 2.6 | $767.00 |
| Terri Thompson | $125.00 | 1.2 | $150.00 |
| | | Total | $917.00 |

*5. Cash Collateral Issues*

During the Application period (November 17, 2009 through September 27, 2010), the Applicant secured the consent of affected creditors for Debtor's use of cash collateral.

This project category is completed.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

The persons providing services on the foregoing project were John N. Skiba and Kelly G. Black.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| John N. Skiba | $295.00 | 0.4 | $118.00 |
| Kelly G. Black | $295.00 | 0.3 | $88.50 |
| | | Total | $206.50 |

*6. Review of Claims*

During the Application period (November 17, 2009 through September 27, 2010), the Applicant assisted Debtor in reviewing claims and determining their validity.

This project category is ongoing.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

The person providing services on the foregoing project was Kelly G. Black.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| Kelly G. Black | $295.00 | 0.2 | $59.00 |
| | | Total | $59.00 |

### 7. *Evaluation of Feasibility and Preparation of Plan and Disclosure Statement*

During the Application period (November 17, 2009 through September 27, 2010), the Applicant worked with the Debtor to determine feasibility, particularly whether Debtor would secure the expected contract with the Brazilian Navy to convert aircraft for its use, and to prepare a plan of reorganization and disclosure statement.

A plan and disclosure statement have been filed, and a confirmation hearing is set for November 2010. This project category will require additional work in preparation for confirmation.

The foregoing services were necessary and conferred a benefit to the estate for the reason that issues must be resolved to move this case towards confirmation.

The persons providing services on the foregoing project were John N. Skiba, Kelly G. Black and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Name | Billing Rate | Hours Spent | Compensation |
|---|---|---|---|
| Kelly G. Black | $295.00 | 22.8 | $6,726.00 |
| John N. Skiba | $295.00 | 0.2 | $59.00 |
| Terri Thompson | $125.00 | 3.2 | $400.00 |
| | | Total | $7,185.00 |

## ***D. Summary of Costs***

The costs for which Applicant seeks reimbursement total $692.26. These expenses involve photocopies, postage, or both. The amount charged by Applicant for in-house photocopies is 15 cents per sheet. Postage is charged at actual cost. During the application period, Applicant retained an outside provider, which is able to charge less for copying and

mailing than it costs Applicant to perform the same work in-house. All costs from this and other outside providers are charged at Applicant's actual cost.

The amount Applicant has disbursed for actual and necessary expenses in connection with the estate are itemized on the attached Exhibit "B."

## II. Standards for Evaluating Fee Application

The fees billed Applicant to the Debtors-in-Possession for professional services rendered during the application period total $17,317.00. In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the attorneys involved. *See also In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). This has also been referred to as the "lodestar" or basic fee which, if warranted, can be adjusted upward or downward. In that regard, the Ninth Circuit in Yermakov made specific references to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees. These "*Johnson* factors" have been referred to and utilized by many courts in considering and awarding attorney's fees in bankruptcy cases. *See In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

In a decision of the Ninth Circuit Bankruptcy Appellate Panel, the Panel concluded that the "lodestar" approach, coupled with consideration of the "*Johnson* factors" is the appropriate standard to be applied in awarding fees in a bankruptcy case. *See In re Powerine Oil Co.*, 71 Bankr. 767 (Bankr. 9th Cir. 1986).

In addition, the provisions of §330(a) place a premium on the timeliness of administration of the case. Compensable services must be "...performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed." 11 U.S.C. §330(a)(3)(A).

Applicant, for the time period November 17, 2009 through September 27, 2010, has advised the Debtor-in-Possession in connection with the administration of the above-entitled estate on an ongoing basis and has prepared numerous letters, documents, pleadings, and other writings concerning same and has attended conferences, hearings and made other appearances for and on behalf of the Debtor-in-Possession and has performed numerous legal services for an

on behalf of the Debtor-in-Possession, which services are itemized on the attached Exhibit "A," constituting Applicant's time records concerning the above-entitled estate.

Applicant has maintained daily record reflecting the actual and necessary time expended by said law firm in the performance of the services for which compensation is herein sought. These time records are presented to be merely a resume of the overall services performed by Applicant and do not purport to include each and every service performed, nor are they represented to constitute a limit of the time expended in this case, for undoubtedly there are numerous services for which time was not recorded. However, the records do indicate the general nature of the services performed and the absolute minimum time actually expended for consideration as one of the criterion set forth in 11 U.S.C. §330 for the time period from November 17, 2009 through September 27, 2010.

The results obtained by Applicant within the time frames of this Application illustrate that the Applicant:

1.     Used the skill required to perform the legal services properly;

2.     Provided services necessary to the administration of the case; and

3.     Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

Furthermore, based upon the results obtained by Applicant within the time frame of this Application and the rates charged by the Applicant for the services performed, the compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

There are no cash collateral issues regarding the source of funds from which Applicant intends to be paid.

The Debtor-in-Possession is current on payments to the United States Trustee and has timely filed its interim financial reports.

## III.     Conclusion

Wherefore, Kelly G. Black and Jackson White, P.C., pray that this application be noticed to all parties in interest and upon no objections being filed that Applicant be awarded an interim

allowance, pursuant to 11 U.S.C. § 331, as attorney for Debtor-in-Possession in the amount of $17,317.00, together with reimbursement for actual and necessary costs expended in the amount of $692.26 for a total award of $18,009.26, all subject to review and adjustment for determination of reasonable compensation based upon criteria set forth in 11 U.S.C. § 330 and for such other and further relief as the Court deems equitable.

Based upon the foregoing, Applicant respectfully requests:

A. Allowance and approval of its fees for the Application Period totaling $17,317.00, which will be paid in part from the pre-petition retainer currently held in Applicant's trust account and the remainder by Debtor;

B. Reimbursement of $692.26 in actual and necessary expenses, which Applicant has incurred and paid during the Application Period in connection with the rendering of such professional services, for a total award of $18,009.26;

C. For a Judgment against Marsh Aviation Company for the total award in the sum of $18,009.26; and

D. Such other and further relief as this Court deems just and proper.

DATED this 29th day of September, 2010.

JACKSON WHITE

Attorneys for Debtor Marsh Aviation Company
By: Kelly G. Black, No. 016376
John Skiba, No. 022699

COPIES served electronically as follows:

RICHARD J. CUELLAR on behalf of U.S. Trustee U.S. TRUSTEE
ric.j.cuellar@usdoj.gov, coleen.craig@usdoj.gov

GE Money Bank
c/o Recovery Management Systems Corp.
claims@recoverycorp.com

COPIES served by mail on the Unsecured Creditors Committee as follows:

Diamond J, Inc.
Attn: Joseph Harris, Jr.
2020 West Harry
Wichita, KS 67213

Flightcor
Attn: William Walker
10103 N. 106th Place
Scottsdale, AZ 85258

Hartzell Propeller Inc.
Attn: Gregory Trissell
One Propeller Place
Piqua, OH 45356

13248-021\307646.docx

# Exhibit A

| Date | Initials | Description | Hours | Rate | Charged | Discount |
|---|---|---|---|---|---|---|
| 12/11/2009 | KGB | Conference with Mr. Skiba regarding unsecured creditors' committee [0.10]; Follow up on appointment of creditors' committee [0.20] | 0.3 | 295 | 88.50 | |
| 12/11/2009 | JNS | Conference with attorney Black regarding appointment of creditors committee | 0.1 | 295 | 29.50 | |
| 12/14/2009 | KGB | Receive and review Ed Allen's comments regarding composition of creditor's committee [0.10] | 0.1 | 295 | 29.50 | |
| 1/7/2010 | KGB | Telephone call to Ed regarding lease and his monthly report (0.10) | 0.1 | 295 | 29.50 | |
| 1/8/2010 | KGB | Review operating report | 0.1 | 295 | 29.50 | |
| 1/8/2010 | TT | Receive and review December Operating Report. | 0.3 | 125 | 37.50 | |
| 1/20/2010 | KGB | Telephone call to Ed Allen regarding Brazil and monthly reports (0.10); Conference with Ms. Thompson regarding monthly operating reports (0.10); Follow-up with Ms. Thompson regarding same (0.10) | 0.3 | 295 | 88.50 | |
| 1/21/2010 | TT | Receive voice message from Ed Allen; confer with Mr. Black regarding same; telephone call to Trustee concerning status of receipt of November and December Operating Reports; | 0.7 | 125 | 87.50 | |
| 1/22/2010 | KGB | Follow up on Trustee's fee issue | 0.1 | 295 | 29.50 | |
| 1/23/2010 | TT | Email Mr. Allen with regard to making payment to Trustee and attach copies of the November and December filed Reports. | 0.3 | 125 | 37.50 | |
| 1/25/2010 | KGB | Review e-mail to Ed Allen regarding payment to Trustee | 0.2 | 295 | 59.00 | |
| 1/26/2010 | TT | Email from Mr. Allen regarding payment to Trustee. | 0.3 | 125 | 37.50 | |
| 2/3/2010 | TT | Receive direction to contact Trustee concerning 2007 Taxes; Forward copy of same to Trustee; Receive Operating Report; scan and profile same. Efile same | 1.0 | 125 | 125.00 | |
| 2/22/2010 | TT | Draft letter to Richard Cuellar, Trustee with copy of 2008 tax return. | 0.2 | 125 | 25.00 | |
| 3/5/2010 | KGB | Receive and review Operating Report; File Operating Report; Draft e-mail to client | 0.6 | 295 | 177.00 | |

| | | | | | |
|---|---|---|---|---|---|
| 4/9/2010 | KGB | Receive and review March Operating Report [0.10]; Draft letter to Trustee to forward highlighted copy of March Operating Report [0.10] | 0.2 | 295 | 59.00 |
| 4/9/2010 | TT | Scan and file March Operating Report with bankruptcy court; telephone call to the bankruptcy court regarding difficulty in ecf filing; advise Mr. Black of same; receive instruction to forward copy of same to Trustee to advise highlighted sections of report were not filed in ecf due size requirements for filing. | 0.5 | 125 | 62.50 |
| 4/9/2010 | TT | Work on letter to the Trustee | 0.3 | 125 | 37.50 |
| 4/10/2010 | TT | Finalize and send letter to Trustee with copy of March OP Report. | 0.2 | 125 | 25.00 |
| 5/19/2010 | KGB | Receive and review April Operating Report (0.1) | 0.1 | 295 | 29.50 |
| 9/3/2010 | TT | Receive and review August Operating Report and e-file same with the bankruptcy court. | 0.3 | 125 | 37.50 |
| 9/4/2010 | TT | Draft and finalize letter to Trustee with copy of August Operating Report. | 0.2 | 125 | 25.00 |
| | | **Summary for Case Administration** | **6.5** | | **1,186.50** |
| 11/19/2009 | JNS | Conference with attorney Black regarding lease/executory issues | 0.9 | 295 | 265.50 |
| 11/19/2009 | KGB | Conference with Mr. Skiba regarding leases, and executory contracts; Telephone call to Ed Allen (message) | 0.9 | 295 | 265.50 |
| 11/20/2009 | JNS | Receive call from Mesa City Attorney regarding lease agreement with; draft correspondence to client regarding same | 0.2 | 295 | 59.00 |
| 11/23/2009 | JNS | Conference with client regarding lease issues | 0.7 | 295 | 206.50 |
| 11/23/2009 | TT | Receive emails from Mr. Allen with attached documents relating to lease | 0.4 | 125 | 50.00 |
| 11/23/2009 | KGB | Review lease and executory contract issues with Mr. Skiba [0.20]; Review schedules and City of Mesa lease summary and telephone conference with Ed Allen regarding each contract issue [0.60]; Telephone call to City of Mesa attorney regarding its lease with Stilwell [0.20] | 1.0 | 295 | 295.00 |

| | | | | | |
|---|---|---|---|---|---|
| 12/8/2009 | KGB | Voice message from counsel for City of Mesa regarding their intent to file Proof of Claim and their position on the lease as an asset of the estate | 0.2 | 295 | 59.00 |
| 12/9/2009 | JNS | Conference with client regarding negotiations on contract and lease issues with City of Mesa | 0.7 | 295 | 206.50 |
| 12/9/2009 | KGB | Telephone call to Mr. Shaver with City of Mesa [0.10]; e-mail Mr. Shafer a copy of the recorded lease between Stilwell and Marsh [0.10]; Draft e-mail to Ed Allen requesting further information on lease between Stilwell and Marsh [0.10]; Receive and review follow-up e-mail from Mr. Shafer and telephone call to same (message) [0.10]; Telephone conference with Mr. Shafer regarding potential acknowledgement/settlement of lease issue [0.30]; Telephone call to Mr. Allen regarding discussion (no answer) and draft e-mail to same outlining City's current position [0.20] | 0.9 | 295 | 265.50 |
| 12/10/2009 | KGB | Begin draft of agreement between City, Stilwell and Marsh [1.50]; Draft e-mail to Mr. Skiba requesting review of agreement [0.10] | 1.6 | 295 | 472.00 |
| 12/11/2009 | KGB | Receive and review e-mail from Jack Shafer, attorney for City of Mesa, and respond to same [0.10]; Conference with Mr. Skiba regarding draft [0.10]; Review lease regarding need for consent, and revise draft agreement to reflect proposed changes [0.30]; Draft follow-up e-mails to Mr. Shafer [0.20] | 0.7 | 295 | 206.50 |
| 12/11/2009 | JNS | Conference with attorney Black regarding lease negotiations with City of Mesa. | 0.1 | 295 | 29.50 |
| 12/14/2009 | JNS | Office conference with Attorney Black regarding assumption of lease with City of Mesa | 0.2 | 295 | 59.00 |
| 12/14/2009 | KGB | Draft e-mail to Ed Allen enclosing draft of agreement with City and highlighting terms for his review [0.20]; Conference with Mr. Skiba regarding assumption of City lease [0.20]; Receive and review revisions | 0.6 | 295 | 177.00 |

| | | proposed by City [0.20] | | | |
|---|---|---|---|---|---|
| 12/15/2009 | KGB | Incorporate revisions proposed by City [0.40]; Draft e-mail to City regarding changes and request for return call [0.20]; Exchange e-mails with and telephone calls to Ed, Floyd and Paula regarding City's requested revisions [0.40]; Work on Motion to Assume [2.30]; Telephone conference with Jack Shafer for City regarding signature [0.20]; Revise and file Amended Schedule G [0.40]; Finalize Motion to Assume and draft Notice of Motion [1.90]; Give instructions for filing and service [0.20] | 6.0 | 295 | 1,770.00 |
| 12/15/2009 | TT | Conference with Mr. Black regarding Motion and Notice for filing with the bankruptcy court; work on finalizing same; prepare exhibits for same; prepare filing for the court. | 1.3 | 125 | 162.50 |
| 12/16/2009 | TT | Conference with Mr. Black concerning filing of Motion to Assume Commercial Lease and Approve Agreement Between Owner, Landlord and Debtor and Notice of filing same; confer regarding amending motion and changes to same; revise and finalize same; file Amended Motion to Assume Commercial Lease and Approve Agreement Between Owner, Landlord and Debtor; prepare mailing matrix for same; file Notice of Filing Motion to Assume Commercial Lease and Approve Agreement Between Owner, Landlord and Debtor. | 1.6 | 125 | 200.00 |
| 1/11/2010 | KGB | Check status of motion regarding lease [0.10]; Draft Certificate of Service and No Objection [0.10]; Draft Notice of Lodging [0.10]; Draft Order Approving [0.10] | 0.4 | 295 | 118.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1/11/2010 | TT | Conference with Mr. Black regarding filing Certificate of Service and No Objection; Notice of Lodging Order and Order. | 0.5 | 125 | 62.50 | 37.50 |
| 1/12/2010 | TT | Finalize, scan and submit the Certificate of Service and No Objection; Notice of Lodging Order and Order to the Bankruptcy Court. Review, scan and upload Order for Motion to Extend Time and efile same. | 1.0 | 125 | 125.00 | |
| 1/12/2010 | KGB | Follow up on order approving lease | 0.2 | 295 | 59.00 | |
| 1/20/2010 | KGB | Work on executory leases (0.3) | 0.3 | 295 | 88.50 | |
| 1/29/2010 | KGB | Conference with Ms. Thompson and telephone conference with Shirley with court regarding service; Telephone call from Shirley regarding service; Review Rule and return call to Shirley | 0.3 | 295 | 88.50 | |
| 2/24/2010 | TT | Consult with Mr. Black regarding Supplemental Certificate of Service preparations. | 0.2 | 125 | 25.00 | |
| 4/8/2010 | KGB | Review parties in interest on sale of engines to Brazil and research comparative merits of sale by Stipulation, by Motion, or as ordinary course sale [0.90] | 0.9 | 295 | 265.50 | |
| 4/8/2010 | KGB | Revise notice of motion to assume lease [0.20]; Serve and file [0.20] | 0.4 | 295 | 118.00 | |
| 4/8/2010 | TT | Review assignment status from Mr. Black. Receive emails from Mr. Jump with COS's for filing. | 0.6 | 125 | 75.00 | |
| 4/9/2010 | KGB | Draft e-mail to Ed Allen regarding potential sale of engines [0.10] | 0.1 | 295 | 29.50 | |
| 6/1/2010 | KGB | Meeting with Ms. Thompson regarding assumption of lease and submission of certificate of service and proposed order | 0.4 | 295 | 118.00 | |
| 6/1/2010 | TT | Meeting with Mr. Black concerning assignments regarding assumption of lease | 0.4 | 125 | 50.00 | |
| 6/2/2010 | KGB | Review, revise and finalize pleadings regarding motion to assume, including notice with certificate, separate Certificate of Service and No Objection, notice of lodging, and form of order | 0.5 | 295 | 147.50 | |
| 6/7/2010 | KGB | Receive and review order allowing assumption of lease (0.10) | 0.1 | 295 | 29.50 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | **Summary For Asset Disposition, Including Sales and Leases** | **24.3** | | **6,148.50** | **37.50** |
| 1/7/2010 | KGB | Draft letter to creditor's committee (0.30); Telephone conference with Ed regarding letter, and make appropriate revisions in light of comments (0.10) | 0.4 | 295 | 118.00 | |
| 2/4/2010 | KGB | Receive and review letter from Mark Tucker and review court docket regarding same (0.10); Telephone call to Mr. Tucker regarding absence of Notice of Appearance and other errors in letter (he will find or file and send) (0.20) | 0.3 | 295 | 88.50 | |
| 2/5/2010 | JNS | Conference with creditor regarding case | 0.2 | 295 | 59.00 | |
| 2/5/2010 | KGB | Telephone conference with Larry Rifken regarding an undisclosed person who may have an undisclosed business interest in the affairs of Marsh (0.20); Conference with Mr. Skiba regarding same (0.10); Receive and review client e-mail regarding shipment and draft e-mail to Ed Allen regarding shipment and regarding call from Rifken (0.20) | 1.7 | 295 | 501.50 | |
| 2/8/2010 | KGB | Telephone call to Ed Allen regarding call from Larry Rifken | 0.2 | 295 | 59.00 | |
| 4/20/2010 | KGB | Review GE Capital and IRS information [0.10]; Draft e-mail to Ed Allen regarding additional IRS documentation [0.10]; Receive and review follow-up e-mail regarding IRS letter to come [0.10] | 0.3 | 295 | 88.50 | |
| 4/26/2010 | KGB | Receive and review amended IRS claim (0.10); Work on Plan of Reorganization (2.10) | 2.1 | 295 | 619.50 | |
| 5/11/2010 | KGB | Telephone call to Dana Sanchez of GE Capital regarding two different leases and client's December surrender of copiers on one lease (voice message) | 0.2 | 295 | 59.00 | |
| 5/19/2010 | KGB | Receive and review April refiled IRS Proof of Claim (0.10); Telephone call to GE Capital regarding completed turnover of leased property (0.10) | 0.2 | 295 | 59.00 | |
| | | **Summary For Meetings and Communications With Creditors** | **5.6** | | **1,652.00** | - |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/17/2009 | JNS | Draft Certificate of Service and No Objection; draft accompanying Order; file with court; finalize Application for attorneys fees and costs; draft notice of application for attorneys fees and costs | 1.8 | 295 | 531.00 | |
| 11/17/2009 | TT | Review file and Retainer Agreement; email Mr. Allen requesting signature on attached Retainer Agreement. | 0.4 | 125 | 50.00 | |
| 12/7/2009 | JNS | Draft Certificate of Service and Notice of No Objection; Draft proposed Order and Notice | 0.5 | 295 | 147.50 | |
| 12/8/2009 | JNS | File Certificate of Service and No Objection and all related documents with court; conference with court regarding same | 0.3 | 295 | 88.50 | |
| 12/10/2009 | TT | Telephone call to JA in Judge Case's Court to inquire status of signed Order regarding: payment of fees. Advise Mr. Skiba of same. Telephone call to Shirley in Judge Case's Court regarding status of same; receive telephone call from Shirley requesting email address to forward copy of signed Order; advise Mr. Skiba of same; scan and file November Operating Report. | 0.8 | 125 | 100.00 | |
| | | **Summary for Fee Applications** | **3.8** | | **917.00** | - |
| 11/19/2009 | JNS | Review cash collateral issues; conference with attorney Black regarding same | 0.3 | 295 | 88.50 | |
| 11/19/2009 | KGB | Conference with Mr. Skiba regarding cash collateral | 0.2 | 295 | 59.00 | |
| 11/23/2009 | KGB | Review Craig Ford documents for cash collateral issue [0.10] | 0.1 | 295 | 29.50 | |
| 12/14/2009 | KGB | Receive and review e-mail regarding, and later e-mail attaching, consent to use of cash collateral [0.10] | 0.1 | 295 | 29.50 | |
| | | **Summary for Cash Collateral Issues** | **0.7** | | **206.50** | - |
| 2/2/2010 | KGB | Receive and review Proof of Claim (0.10); Compare to listing on schedules and draft e-mail to Ed to confirm that this was a one-time rental, not a long-term lease (0.10) | 0.2 | 295 | 59.00 | |
| | | **Summary for Review of Claims** | **0.2** | | **59.00** | - |

| | | | | | |
|---|---|---|---|---|---|
| 12/8/2009 | JNS | Review docket; draft correspondence to client regarding status of negotiations with Brazil | 0.2 | 295 | 59.00 |
| 1/6/2010 | KGB | Review Ed Allen's projections and draft e-mail requesting status on the Brazilian contract | 0.2 | 295 | 59.00 |
| 1/7/2010 | KGB | Telephone conferences with Ed Allen regarding status of Brazilian Navy contract (0.30); Conference with John regarding same (0.10) | 0.4 | 295 | 118.00 |
| 1/7/2010 | KGB | Draft Motion to Extend Deadline to File Plan and Disclosure Statement (1.10); Telephone conference with Ed regarding motion, and make appropriate revisions in light of comments (0.20); Review form of order and notice of lodging (0.10) | 1.4 | 295 | 413.00 |
| 1/7/2010 | TT | Work on finalizing Motion to Extend Time to File Plan and Disclosure Statement and Notice of Lodging Order and Order; scan and efile same with bankruptcy court. | 0.9 | 125 | 112.50 |
| 1/8/2010 | KGB | Follow up on Motion for Extension of Time to File Plan and Disclosure Statement | 0.1 | 295 | 29.50 |
| 1/12/2010 | KGB | Follow up on order approving extension of time to file plan | 0.2 | 295 | 59.00 |
| 1/15/2010 | KGB | Receive and review order extending plan and Disclosure Statement deadline | 0.2 | 295 | 59.00 |
| 3/11/2010 | KGB | Telephone call to Ed Allen Marsh re status of Brazil contract | 0.2 | 295 | 59.00 |
| 3/29/2010 | KGB | Receive and review e-mail from Ed Allen enclosing letter from Brazil Navy; Preliminary work on Disclosure Statement and Plan | 1.1 | 295 | 324.50 |
| 4/8/2010 | KGB | Telephone call to Ed Allen regarding preparation of plan and Disclosure Statement, expected timing, and Motion for Sale [0.40]; Revise motion for extension of time [0.30]; Draft notice of lodging [0.10]; Draft order [0.10]; Serve and file [0.20] | 1.1 | 295 | 324.50 |
| 4/14/2010 | KGB | Prepare for and participate in review of schedules, claims, and projections to help develop a plan of reorganization, with travel [2.30]; Begin drafting of plan and Disclosure Statement [0.40] | 2.7 | 295 | 796.50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/19/2010 | KGB | Receive and review ORDER Granting Motion to Extend [0.10]; Forward to Ed Allen [0.10] | 0.2 | 295 | 59.00 |
| 4/20/2010 | KGB | Review forecast [0.10] | 0.1 | 295 | 29.50 |
| 5/21/2010 | KGB | Work on Plan and Disclosure Statement | 2.6 | 295 | 767.00 |
| 5/22/2010 | KGB | Work on Disclosure Statement | 1.2 | 295 | 354.00 |
| 6/1/2010 | KGB | Work on Disclosure Statement, Plan; Draft e-mail to Ed Allen requesting additional information and seeking confirmation about proposed treatment of insider classes; Draft Motion to Extend, order, and notice of lodging | 4.2 | 295 | 1,239.00 |
| 6/7/2010 | KGB | Receive and review order granting motion to extend (0.10) | 0.1 | 295 | 29.50 |
| 6/15/2010 | KGB | Work on Plan and Disclosure Statement; Telephone conference with Ed Allen regarding same | 3.3 | 295 | 973.50 |
| 6/29/2010 | TT | Telephone call from Mr. Allen requesting date of filing of Plan of Reorganization; | 0.4 | 125 | 50.00 |
| 8/4/2010 | TT | Receive instruction to prepare Notice of hearing on Disclosure Statement | 0.1 | 125 | 12.50 |
| 8/12/2010 | KGB | Receive and review e-mail regarding notice; Telephone call to Mr. Jump regarding same | 0.2 | 295 | 59.00 |
| 8/16/2010 | KGB | Finalize and sign corrected notice | 0.2 | 295 | 59.00 |
| 9/13/2010 | KGB | Telephone conference with Ed Allen regarding hearing on Disclosure Statement (0.10); File Certificate of Service regarding same (0.30) | 0.4 | 295 | 118.00 |
| 9/14/2010 | KGB | Prepare for and participate in hearing on Disclosure Statement, with travel | 1.8 | 295 | 531.00 |
| 9/14/2010 | TT | Confer with Mr. Black on preparing Order setting confirmation hearing date; review and research Judge Case's requirements for Order; begin to prepare Order. | 0.4 | 125 | 50.00 |
| 9/16/2010 | KGB | Follow up on order setting confirmation hearing | 0.1 | 295 | 29.50 |
| 9/16/2010 | TT | Finalize proposed order setting Confirmation Hearing | 0.5 | 125 | 62.50 |
| 9/20/2010 | KGB | Receive and review minute entry approving disclosure statement (0.10); Receive and review order setting confirmation hearing (0.10) | 0.2 | 295 | 59.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/23/2010 | KGB | Begin preparation of ballots | 0.4 | 295 | 118.00 | |
| 9/24/2010 | KGB | Review ballots with Ms. Thompson | 0.2 | 295 | 59.00 | |
| 9/27/2010 | TT | Work on ballots; disclsoure and claim issues. | 0.9 | 125 | 112.50 | |
| | | **Summary for Evaluation of Feasibility and Preparation of Plan and Disclosure Statement** | **26.2** | | **7,185.00** | **-** |
| | | **Total** | **67.3** | | **17,354.50** | **37.50** |
| | | **Total Net of Discount** | | | **17,317.00** | |

**Exhibit B**

| Date | Units | Price | Description | Total |
|---|---|---|---|---|
| 11/18/2009 | 267 | 0.15 | Photocopy Expense | 40.05 |
| 12/15/2009 | 256 | 0.15 | Photocopy Expense | 38.4 |
| 12/16/2009 | 1,286.00 | 0.15 | Photocopy Expense | 192.9 |
| | | | **Subtotal - Photocopy** | **271.35** |
| 4/8/2010 | 1 | 93.24 | Bankruptcy Mailing Service.com - Copy and Service Fee for Second Notice of Motion to Assume Commercial Lease and Approve Agreement Between Owner, Landlord and Debtor on 04/08/10 | 93.24 |
| 4/8/2010 | 1 | 4.2 | Bankruptcy Mailing Service.com - Copy and Service Fee for Notice of Lodging Proposed Order, Motion to Extend Deadline to File Plan and Disclosure Statement on 04/08/10 | 4.2 |
| 9/1/2010 | 1 | 93.24 | Bankruptcy Mailing Service.com - Notice of Rescheduled Hearing on 08/12/10 | 93.24 |
| 9/1/2010 | 1 | 82.14 | Bankruptcy Mailing Service.com - Notice of Rescheduled Hearing on 08/16/10 | 82.14 |
| | | | **Subtotal – Outsourced Copies and Postage** | **272.82** |
| 11/18/2009 | 28 | 0.44 | Postage | 12.32 |
| 11/18/2009 | 61 | 0.44 | Postage | 26.84 |
| 12/15/2009 | 4 | 2.41 | Postage | 9.64 |
| 12/16/2009 | 14 | 0.61 | Postage | 8.54 |
| 12/16/2009 | 34 | 0.61 | Postage | 20.74 |
| 12/16/2009 | 51 | 0.61 | Postage | 31.11 |
| 12/16/2009 | 4 | 2.75 | Postage | 11 |
| 1/7/2010 | 5 | 0.61 | Postage | 3.05 |
| 2/22/2010 | 1 | 1.22 | Postage | 1.22 |
| 3/23/2010 | 1 | 1.22 | Postage | 1.22 |
| 3/23/2010 | 1 | 0.44 | Postage | 0.44 |
| 4/12/2010 | 1 | 0.44 | Postage | 0.44 |
| 4/12/2010 | 1 | 2.07 | Postage | 2.07 |
| 5/12/2010 | 1 | 2.07 | Postage | 2.07 |
| 6/1/2010 | 4 | 0.44 | Postage | 1.76 |
| 6/1/2010 | 1 | 1.22 | Postage | 1.22 |
| 6/2/2010 | 7 | 0.61 | Postage | 4.27 |
| 7/12/2010 | 1 | 0.44 | Postage | 0.44 |
| 7/12/2010 | 1 | 2.24 | Postage | 2.24 |
| 7/27/2010 | 2 | 0.61 | Postage | 1.22 |
| 8/16/2010 | 1 | 2.24 | Postage | 2.24 |
| 8/23/2010 | 1 | 0.44 | Postage | 0.44 |
| 8/23/2010 | 1 | 0.44 | Postage | 0.44 |

| | | | | | |
|---|---|---|---|---|---|
| 9/7/2010 | 1 | 2.24 | Postage | | 2.24 |
| 9/7/2010 | 2 | 0.44 | Postage | | 0.88 |
| | | | | **Subtotal – Postage** | **148.09** |
| | | | | **Total** | **692.26** |