JACKSONWHITE
ATTORNEYS AT LAW
A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor Marsh Aviation Company
By:     Kelly G. Black, No. 016376

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Marsh Aviation Company,<br><br>Debtor. | No. 2:09-bk-23468-CGC<br><br>**Declaration of Floyd Stilwell and Memorandum**<br><br>Assigned to: Honorable Charles G. Case, II |

Marsh Aviation Company ("Debtor") declares as stated below. Also included, where appropriate, is discussion of relevant legal authority.

**I.      Section 1129(a)(1) The Plan Complies with the Applicable Provisions of this Title**

The Plan complies with § 1129(a)(1) because it does not violate any provisions of the Bankruptcy Code as evidenced by the absence of any sustainable objections to the Plan.

The Committee's objections and one secured creditor's (Atwood's) concerns have been addressed in Debtor's First Amended Plan of Reorganization, which modifications should be deemed accepted pursuant to 11 U.S.C.A. § 1127 and Federal Rule of Bankruptcy Procedure 3019, or by proof presented herein.

**II.     Section 1129(a)(2) The Proponent of the Plan Complies with the Applicable Provisions of Title 11**

Section 1129(a)(2) requires that the debtor comply with the provisions of the Bankruptcy Code. This section focuses principally on the solicitation of acceptances and rejections of the Plan. Here, a hearing was held on the Disclosure Statement as the result of which the Debtor obtained an Order of this Court authorizing them to distribute the Disclosure Statement and Plan to all creditors and interest holders. The Disclosure Statement and Plan were circulated to all

creditors and interest holders. As stated above, the Committee's objections are addressed herein and in the amended plan filed herewith. Accordingly, the Debtor has complied with the provisions of section 1129(a)(2).

**III. Section 1129(a)(3) The Plan Has Been Proposed in Good Faith and Not by Any Means Forbidden by Law**

Section 1129(a)(3) requires the Plan to be proposed in "good faith". Most courts have concluded that this standard is satisfied where the Plan being proposed is reasonably likely to achieve a purpose that is consistent with the purpose of the Bankruptcy Code. *See In re Sun Country Development, Inc.*, 764 F.2d 406 (5th Cir. 1985); *In re Koelbl*, 751 F.2d 137 (2nd Cir. 1984); *In re Coastal Cable T.V., Inc.*, 709 F.2d 762 (1st Cir. 1983). The satisfaction of the secured creditors' debts and a portion of the unsecured creditors' debts while providing the Debtor with a fresh start and a reorganized business is a primary focus of the Bankruptcy Code. The Plan has been drafted to achieve this specific purpose.

**IV. Section 1129(a)(4) Payments Made or to be Made by the Debtor for Services**

All applications for payment of professional fees and disbursements for services rendered in this case by counsel for the Debtor, accountants and other professionals retained in this proceeding have been or will be filed with this Court and shall be paid only pursuant to order of this Court.

**V. Section 1129(a)(5) Disclosure of Post Confirmation Officers and Directors**

The Post-Confirmation Managers of Debtor shall remain in Debtor's current officers and directors. In the event that Floyd Stilwell is unable to continue serving as CEO and President, Elizabeth Anne Kleefisch will assume these positions.

**VI. Section 1129(a)(6) Approval of Governmental Rate Setting Commissions**

The provisions of Section 1129(a)(6) are not applicable in this case.

**VII. Section 1129(a)(7) Acceptance of Impaired Classes**

Section 1129(a)(7) codifies the so called "best interest of creditors test." It requires that plans of reorganization provide each non-accepting creditor or interest holder of the debtor with values not less than each would receive from a Chapter 7 liquidation of the debtor's assets. Every

class of creditors and interest holders was impaired by the Plan and, as stated in the Ballot Report, accepted the Plan by the ratios required by 11 U.S.C.A. § 1126. As also stated in the Ballot Report, the only creditors or interest holders who voted against the Plan were in classes 1 and 6, priority and non-priority unsecured creditors. As set forth in the Disclosure Statement's liquidation analysis, a Chapter 7 liquidation would result in a 27.6% recovery to unsecured creditors, while the Plan provides for a 100% recovery. The Plan complies with 11 U.S.C. § 1129(a)(7).

### VIII. Section 1129(a)(8) Plan Acceptance

Section 1129(a)(8) requires that each class of claims or interests either accept the Plan or not be impaired by it. As stated in the Ballot Report, every class of creditors and interest holders accepted the Plan by the ratios required by 11 U.S.C.A. § 1126.

### IX. Section 1129(a)(9) Administrative and Tax Claims

All section 507 administrative and tax claims which exist in this case are not impaired and will be paid in accordance with section 507(a)(8) of the Bankruptcy Code, as agreed by the Debtor and the claim holder, or shall be paid in full in cash on the later of the Effective Date of the Plan or the allowance of such claim by this Court.

### X. Section 1129(a)(10) Acceptance by at Least one Impaired Class

Section 1129(a)(10) requires that at least one impaired Class of claims accepts the Plan. As discussed above, every class of creditors and interest holders accepted the Plan by the ratios required by 11 U.S.C.A. § 1126.

### XI. Section 1129(a)(11) Need for Further Reorganization

Section 1129(a)(11) contains the so called "feasibility standard" for confirmation. It focuses on the likelihood that the Plan can actually be implemented as proposed. The Plan is feasible because (a) Debtor is very likely to conclude a contract with Brazil which will provide revenue to fund the Plan and (b) in the event that a contract is not concluded, the Plan provides for liquidation as an alternative. The Debtor will be able to pay the amounts due to the secured and unsecured creditors under the Plan as set forth in the projections attached to the Disclosure Statement. Accordingly, the Plan it is both feasible and not likely to be followed by the need for

further reorganization or liquidation "unless such liquidation or reorganization is proposed in the plan."

## XII. Section 1129(a)(12) U.S. Trustee Fees

All quarterly fees due the U.S. Trustee have been paid by the Debtor. The Debtor will request that the order of the Court confirming the Plan require that the Debtor continue to make such quarterly payments until the case is closed.

## XIII. Section 1129(a)(13) Retiree Benefits

Section 1129(a)(13) is not applicable to this case.

## XIV. Section 1129(a)(14) Domestic Support Obligations

Section 1129(a)(14) is not applicable to this case.

## XV. Section 1129(a)(15) Unsecured Creditor Treatment in Individual Cases

Section 1129(a)(15) is not applicable to this case.

## XVI. Section 1129(a)(16) Transfers of Property

Section 1129(a)(16) is not applicable to this case.

## XVII. Section 1129(b) Cramdown

No class of creditors has rejected the Plan. Accordingly, it is not necessary to proceed under Bankruptcy Code section 1129(b)(1).

## XVIII. Conclusion

Based on the foregoing Debtor submits that the Plan is confirmable within the meaning of Bankruptcy Code section 1129.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 8th day of December, 2010.

DEBTOR MARSH AVIATION COMPANY

*Floyd W. Stilwell*
Floyd Stilwell, President and CEO of
Debtor Marsh Aviation Company

1 | DATED this 8th day of December, 2010.

JACKSON WHITE

_____
Attorneys for Debtor Marsh Aviation Company
By: Kelly G. Black, No. 016376

13248-021\329508.docx

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28